J-S25023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS JEFFERSON BEAL | : | |
| | : | |
| Appellant | : | No. 165 WDA 2022 |

Appeal from the PCRA Order Entered January 21, 2022
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0002208-2015

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                **FILED: OCTOBER 3, 2022**

Appellant, Thomas Jefferson Beal, appeals from the order entered in the Court of Common Pleas of Fayette County dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

On May 3, 2016, a jury convicted Appellant of Burglary, Criminal Trespass, and Criminal Mischief for burglarizing a market in November 2015. The court sentenced Appellant to 46 to 240 months' incarceration. On April 10, 2017, this Court affirmed Appellant's judgment of sentence, and Appellant did not seek review by our Supreme Court. **Commonwealth v. Beal**, No. 899 WDA 2016 (Pa. Super. filed Apr. 10, 2017).

Appellant filed two PCRA Petitions that failed to garner relief. On December 22, 2021, Appellant *pro se* filed the instant PCRA Petition. He raised two substantive claims: (1) layered ineffectiveness of trial and PCRA counsel

related to a trial discovery issue; and (2) after-discovered evidence consisting of discrepancies between a video played at trial and the version contained in the trial court record.[1] Appellant did not plead any exception to the PCRA's jurisdictional time-bar.

On December 27, 2021, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response in which he alleged that a hearing was necessary to address his claims. On January 21, 2022, the court dismissed Appellant's petition without holding a hearing. Appellant timely filed a Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the PCRA court err by dismissing Appellant's PCRA [Petition] without an evidentiary hearing by stating the issues raised do not entitle this Appellant to PCRA relief?

[2]. Was prior PCRA counsel ineffective for [failing to raise trial counsel's ineffectiveness]?

[3]. Was trial counsel ineffective for failing to file a subpoena *duces tecum* properly or ask for a continuance, thereby denying Appellant the right to due process and the rights of the [S]ixth [A]mendment?

Appellant's Br. at 6-7.[2]

---

[1] Appellant did not elaborate in his petition on the alleged discrepancies. Additionally, the record reflects that the video has been in Appellant's record since at least 2017, when he filed his initial counseled PCRA Petition.

[2] Appellant also claims that the court erred by dismissing his petition without an evidentiary hearing "even though [the Commonwealth violated] Appellant's

Before turning to Appellant's issues, we must determine if we have jurisdiction to address them. A petitioner has one year from the date that his or her judgment becomes final to file a timely PCRA Petition. 42 Pa.C.S. § 9545(b)(1), (3). Appellant's judgment became final on May 10, 2017, and, therefore, he had until May 10, 2018, to timely file a petition.[3] Appellant's instant petition, filed December 22, 2021, is patently untimely.

Where, as here, a petitioner files an untimely PCRA Petition, the petitioner must overcome the jurisdictional time-bar by pleading and proving one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii): "(1) interference by government officials in the presentation of the claim; (2) newly

_____

due process rights." Appellant's Br. at 6, 15. Appellant did not raise this issue in the lower court or in his Rule 1925(b) Statement and, as a result, it is waived. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Rule 1925(b)] Statement . . . are waived.").

Additionally, Appellant argues that the PCRA court's Rule 907 notice was insufficient to apprise him of its reasons for dismissal. **See** Appellant's Br. at 13-14. As our Supreme Court explained in **Commonwealth v. Pursell**, 749 A.2d 911, 917 n. 7 (Pa. 2000), however, an inadequate Rule 907 notice will not provide grounds for relief where the petitioner "failed to invoke the jurisdiction of the [PCRA] court by failing to plead and prove the applicability of the timeliness exceptions contained in [Section] 9545(b)(1)(i)-(iii)." **See also Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (recognizing that "where the petition is untimely" the failure of a PCRA court to issue a Rule 907 notice "does not automatically warrant reversal").

[3] "Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[. A] judgment becomes final at the conclusion of direct review [or] at the expiration of time for seeking the review." 42 Pa.C.S. §§ 9545(b)(1), (3). Pa.R.A.P. 903(a) (providing 30 days to appeal).

discovered facts; [or] (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. ***Commonwealth v. Spotz***, 171 A.3d 675, 676 (Pa. 2017).

Here, Appellant's third petition, filed over four years after his judgment of sentence became final, is untimely. A thorough review of Appellant's filings, including his PCRA Petition and brief to this Court, reveals that he has made no attempt to plead and prove the applicability of one of the timeliness exceptions to the PCRA's one-year time bar. Accordingly, we are without jurisdiction to review the merits of the issues raised, and we are constrained to affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/2022